UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERT GOLDSTEIN,

                Petitioner,

                05-cv-852 (SJF)

  -against-

                **OPINION & ORDER**

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------X
FEUERSTEIN, J:

I.    Introduction

*Pro se* petitioner Robert Goldstein ("Petitioner") initiated this action against the United States of America ("Respondent"). Petitioner, who is currently incarcerated, appears to have initially filed two motions under Fed. R. Civ. P. 60 arising out of a 1990 criminal conviction in this Court. Specifically, Petitioner filed a (1) "Motion for Clarification of Records [P]ursuant to Title 28[,] Civil Procedures [sic], Rule 60, on CR-90-00774," and a (2) "Motion for Relief from Judgment or Order, Federal Rules of Civil Procedure, Rule 60, Title 28" arising out of an alleged erroneous "1990 Presentence Report and Judgment and Committment [sic] Order, CR-90-00774." (November 1, 2004 Motion for Relief From Judgment or Order, Federal Rules of Civil Procedure, Rule 60, Title 28). On February 20, 2005, Petitioner sought leave to recharacterize the motions as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. By letter of March 21, 2005, Respondent consented to the recharacterization and opposed the petition as untimely. Petitioner replied to Respondent's letter on April 7, 2005, and now appears to seek leave to (1) re-convert his original application to a Fed. R. Civ. P. 60 motion, and (2) file a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Attached to

Petitioner's April 7, 2005 reply is a petition for a writ of habeas corpus.

II. Petitioner's *Pro Se* Status

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

III. Analysis

A. Fed. R. Civ. P. 60

Although Petitioner seeks to assert two different claims arising out of his criminal conviction, it is well-established that the Federal Rules of Civil Procedure do not apply to criminal proceedings. Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . . ."); see also United States v. Viertel, 01 Cr. 571, 2005 U.S. Dist. LEXIS 8127, 12-13 (S.D.N.Y., May 5, 2005) (denying a Rule 60 motion in a criminal action and noting "that the defendant's reference to Rule 60(b)(3) to vacate the judgment for fraud upon the Court suggested that the defendant was relying on Federal Rule of Civil Procedure 60(b)(3), which does not apply in this criminal case.") Petitioner's challenges to his

criminal conviction based on the Federal Rules of Civil Procedure are therefore denied.[1]

B. Petition for a Writ of Habeas Corpus

Petitioner's April 7, 2005 letter and accompanying "Petition for a Writ of Habeas Corpus" appear to indicate that he wishes to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. While Respondent was afforded an opportunity to reply to Petitioner's original application, it has not yet had the opportunity to respond to Petitioner's filing of April 7, 2005. It is therefore ORDERED that:

(1) The United States Attorney, as attorney for Respondent, show cause before this Court why a writ of habeas corpus should not be issued by the filing of a return to the petition;

(2) Within fifteen (15) days of receipt of this order, the United States Attorney shall serve a copy the return on the Petitioner herein and shall file the original thereof, with proof of such service, with Clerk of this Court;

(3) Petitioner, within twenty-one (21) days of the date of receipt by him of a copy of the return of the United States Attorney, shall file his reply, if any, with proof of service, with Clerk of is Court;

(4) Service of a copy of this Order shall be made by the Clerk of this Court by forwarding a copy hereof, together with a copy of the petition, to the United States Attorney, attention Burton Ryan, Assistant United States Attorney, and by mailing a copy of this Order to the Petitioner.

---

[1] The analysis described by the Second Circuit at Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004), is inapplicable to the instant case because Petitioner purports to use Fed. R. Civ. P. 60 to challenge his original criminal conviction, and not the denial of a petition for a writ of habeas corpus.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Central Islip, New York
April 6, 2006

4

Copy to:

Robert L. Goldstein
24461-053
United States Penitentiary
PO Box 1000
Lewisburg, PA 17837

United States Attorney's Office
Attn: Burton Ryan, Esq.
100 Federal Plaza
Central Islip, New York 11722