UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT L. GOLDSTEIN,

                              Petitioner,

-against-

UNITED STATES OF AMERICA,

                              Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**05 CV 00852 (SJF)**

*Pro se* Petitioner Robert L. Goldstein ("Petitioner") filed the instant petition ("Petition") against the United States of America ("Respondent") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons stated herein, the Petition is denied.

I.     Background

On August 2, 1988, Petitioner pled guilty to Bank Robbery ("1988 Bank Robbery"), and, on September 14, 1990, Petitioner pled guilty to Conspiracy to Possess a Firearm by a Prisoner to Facilitate an Escape from a Federal Prison ("1990 Conspiracy"). On October 17, 1990, Petitioner was sentenced to forty-six (46) months' imprisonment and fifty-seven (57) months' imprisonment, respectively.[1]

On April 21, 2003, Petitioner pled guilty, pursuant to a plea agreement ("Plea Agreement"), to Bank Robbery and Possession of a Firearm during a Crime of Violence ("2003

---

[1] The sentence imposed for the 1990 Conspiracy was to run concurrently with the sentence imposed for the 1988 Bank Robbery.

1

Bank Robbery and Possession of a Firearm during a Crime of Violence"). The Plea Agreement indicated that Petitioner was a "career offender" under the United States Sentencing Guidelines ("Sentencing Guidelines").[2] U.S.S.G. § 4B1.1(a). On September 12, 2003, Petitioner was sentenced to two hundred thirty five (235) months' imprisonment.

On August 18, 2004, Petitioner filed a "Motion for Clarification of Records pursuant to [Federal Rule of Civil Procedure 60 ("Rule 60")] ..." asking "this Court to clarify and/or correct [the] erroneous information currently being maintained in [the Order of Judgment and Conviction dated October 17, 1990 (the "1990 Judgment")], by replacing the additional offenses therein [18 U.S.C. §§ 1791 (a)(2) and 751 (a)] with count one [17 U.S.C. § 371; Conspiracy] of the indictment that [Petitioner] pled guilty to ...."[3] (Docket No. 3.) Petitioner subsequently filed a "Motion for Relief from Judgment or Order, [Rule 60]," which was marked "received" by the *Pro Se* office on November 1, 2004, seeking, *inter alia*, relief from the 1990 Judgment and PSR dated October 15, 1990 (the "1990 PSR"). (Docket No. 2.)

On February 28, 2005, Petitioner filed a "Motion for Leave to File an Amended Petition Pursuant to [Federal Rule of Civil Procedure 15(a)]," seeking, *inter alia*, to recharacterize his initial motions as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Docket No. 8.) By letter dated March 21, 2005, Respondent consented to the recharacterization and

---

[2] Although the initial Presentencing Investigation Report ("2003 PSR") did not recognize the 1990 Conspiracy as a "crime of violence," the Probation Department issued an addendum to the 2003 PSR ("Addendum") stating that the 1990 Conspiracy qualifies as a "crime of violence," thus, Petitioner's status was changed to "career offender." U.S.S.G. §§ 4B1.2(a), 4B1.1(a).

[3] Petitioner's motion was filed in the Brooklyn courthouse in the Eastern District of New York, however, on October 12, 2004, Petitioner filed a similar motion in the Central Islip courthouse in the Eastern District of New York seeking the same relief. (See 90 CR 00774, Docket No. 6.)

opposed the petition as untimely. Petitioner sought leave to file an amended petition for a writ of habeas corpus and, on April 7, 2005, Petitioner filed the instant Petition seeking a writ of habeas corpus pursuant to §2255.

II.   Discussion

    A.   Statute of Limitations

        1.   Legal Standard

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2255(f). Pursuant to the AEDPA, the limitations period runs

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

Id.

The one year statute of limitations period, however, may be equitably tolled. "To qualify for equitable tolling, a petitioner must establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." Lopez v. United States, 180 F. App'x. 305, 306 (2d Cir. 2006) (citations and quotation marks omitted).

3

2.  Application

    a.  *The 1990 Conspiracy*

Insofar as Petitioner is seeking relief from the 1990 Judgment and 1990 PSR issued in connection with the 1990 Conspiracy, such claims are time-barred. Petitioner's judgment of conviction was entered on October 17, 1990 and, since Petitioner did not file a notice of appeal, his conviction became final ten days later, on or about October 31, 1990.[4] See Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after ... the entry of either the judgment or the order being appealed.); see also Fed. R. App. P. 26(a)(2) ("[I]ntermediate Saturdays, Sundays, and legal holidays" are excluded "when the period is less than 11 days, unless stated in calendar days."). Therefore, the one year statute of limitations period for filing a writ of habeas corpus expired in or about October 1991. Petitioner, however, did not file his first post-conviction motion until approximately thirteen (13) years after the statute of limitations period expired, on August 18, 2004. In addition, Petitioner has not "establish[ed] that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." Lopez, 180 F. App'x. at 306 (citations and quotation marks omitted).

Insofar as Petitioner claims that the one year statute of limitations period should run from the date that the facts supporting the claims presented could have been discovered through the exercise of due diligence, the one year statute of limitations period from that date has also expired. Since Petitioner's claims in connection with the 1990 Conspiracy concern alleged

---

[4] There is no indication in the record that Petitioner filed a notice of appeal. However, even assuming, *arguendo*, that a notice of appeal was filed, a petition for a writ of habeas corpus challenging the 1990 Conspiracy would still be time-barred.

4

incorrect statements contained in the 1990 Judgment and 1990 PSR, Petitioner need only review these documents to have discovered the supporting facts. The 1990 PSR and the 1990 Judgment were issued in October 1990, approximately fourteen (14) years prior to the filing of Petitioner's first post-conviction motion, thus Petitioner had almost fourteen (14) years to discover the alleged incorrect statements.

        b.    *The 2003 Bank Robbery and Possession of a Firearm During a Crime of Violence*

Petitioner's judgment of conviction was entered on September 19, 2003 and, since Petitioner did not file a notice of appeal, his conviction became final on October 3, 2003. See Fed. R. App. P. 4(b)(1)(A)(I); see also Fed. R. App. P.26(a)(2). Therefore, the one year statute of limitations period for filing a writ of habeas corpus expired on or about October 3, 2004. Although the amended Petition was filed on April 7, 2005, Respondent consented to the recharacterization of Petitioner's initial motions filed as early as August 2004 as a petition for a writ of habeas corpus, therefore, the Petition is timely.

### B. *Merits of the Claim*

Petitioner alleges, *inter alia,* that: (1) the 1990 Conspiracy was not a "crime of violence" within the meaning of § 4B1.2(a) of the Sentencing Guidelines ("§ 4B1.2(a)"); (2) Petitioner was erroneously sentenced as a "career offender" under § 4B1.1(a) of the Sentencing Guidelines ("§ 4B1.1(a)"); and (3) his counsel "fail[ed] to effectively argue [the 1990] prior felony convictions before the 2003 sentencing court for purposes of 'career offender' status through no fault of his." (Petitioner's Response to Respondent's Mem. of Law in Opp'n to the Petition, filed

1.     Crime of Violence

The Sentencing Guidelines define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Under the Sentencing Guidelines, a conspiracy to commit a crime of violence constitutes a "crime of violence." See id at Application Note 1 (stating that "'Crime of violence' ... include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses").

In the instant case, Petitioner was convicted of Conspiracy to Possess a Firearm by a Prisoner to Facilitate an Escape from a Federal Prison. In planning his escape, Petitioner sought to obtain "a loaded nine millimeter handgun, with two loaded chips," and "intended to take medical personnel hostage and kill them if necessary," (see Addendum to 2003 PSR, at ¶ 46, see also Indictment 4-90-84, at ¶ 8 ("it was further part of the conspiracy that defendants Goldstein and Horr would utilize said firearm to effect an escape from custody")), thus Petitioner's conduct "present[ed] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a); see also United States v. Jackson, 301 F.3d 59, 62 (2d Cir. 2002) (adopting the reasoning and holding of cases interpreting a "crime of violence" under § 4B1.2(a) to find that escape constitutes a violent felony under § 924(e) because "escape invites pursuit; and the pursuit, confrontation, and recapture of the escapee entail serious risks of physical injury to law enforcement officers and the

public"); id. (stating that "[s]everal courts have considered whether escape constitutes a 'crime of violence' under [ 4B1.2(a)], and they agree that any escape, however effected, constitutes 'conduct that presents a serious potential risk of physical injury to another.'" (quoting U.S.S.G. § 4B1.2(a); citing United States v. Dickerson, 77 F.3d 774, 777 (4th Cir. 1996); United States v. Ruiz, 180 F.3d 675, 676-77 (5th Cir. 1999) (rejecting walkaway escape argument); United States v. Harris, 165 F.3d 1062, 1068 (6th Cir.1999); United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001) ("We believe that every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others .... Even the most peaceful escape cannot eliminate the potential for violent conflict when the authorities attempt to recapture the escapee."); United States v. Mitchell, 113 F.3d 1528, 1532-33 & n. 2 (10th Cir. 1997) (rejecting walkaway escape argument); United States v. Gay, 251 F.3d 950, 954-55 (11th Cir. 2001) (same)).

Accordingly, Petitioner's conviction in 1990 of Conspiracy to Possess a Firearm by a Prisoner to Facilitate an Escape from a Federal Prison is a "crime of violence" within the meaning of § 4B1.2(a).

### 2. Career Offender

The Sentencing Guidelines provide that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.

The parties do not dispute that Petitioner was a at least eighteen years old at the time he

committed the offense of Bank Robbery and Possession of a Firearm during a Crime of Violence, nor do the parties dispute that this offense is a "crime of violence" within the meaning of § 4B1.2(a).

Petitioner's two prior convictions for a "crime of violence" include the 1988 Bank Robbery and the 1990 Conspiracy. The 1988 Bank Robbery qualifies as a "crime of violence," see U.S.S.G. § 4B1.2, Application Note 1 (stating that a "'crime of violence' includes ... robbery ...."), and, as discussed above, the 1990 Conspiracy qualifies as a "crime of violence."

Petitioner contends that the 1988 Bank Robbery and the 1990 Conspiracy cannot be counted as separate prior felony convictions. Specifically, Petitioner claims that these convictions were "related" because he had been sentenced on the same day for both convictions, thus the convictions were consolidated.

"Section 4B1.1 of the Sentencing Guidelines, along with the definitions set forth in U.S.S.G. § 4B1.2, provide that a defendant is a 'career offender' if ... he has at least two *separate* prior felony convictions of a crime of violence or a narcotics offense." United States v. Brothers, 316 F.3d 120, 122 (2d Cir. 2003) (citing U.S.S.G. §§ 4B1.1, 4B1.2(c)) (emphasis in original). Prior to the November 1, 2007 Amendment to the Sentencing Guidelines ("November 2007 Amendment")[5] "[o]nly prior sentences in unrelated cases count as separate convictions for the purposes of § 4B1.1." Brothers, 316 F.3d at 122 (citing U.S.S.G. § 4A1.2(a)(2)). "'Prior sentences are considered related if they resulted from offenses that (A) occurred on the same

---

[5] Because Petitioner committed the offenses of Bank Robbery and Possession of a Firearm during a Crime of Violence in December 2001 and January 2002, he was sentenced under the Sentencing Guidelines in effect at that time, that is, the Sentencing Guidelines effective November 2001. See 18 U.S.C. 3553(a)(4)(A)(ii); see also United States v. Broderson, 67 F.3d 452, 456 (2d Cir.1995).

8

occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.'" United States v. Garcia, 57 F. App'x. 486, 492 (2d Cir. 2003) (quoting U.S.S.G. § 4A1.2, Application Note 3). However, "cases are not considered consolidated for sentencing merely because the sentences had been imposed on the same day." Garcia, 57 Fed. App'x at 492 (citing United States v. Gelzer, 50 F.3d 1133, 1143 (2d Cir.1995)); see also Brothers, 316 F.3d at 124 (stating that "two cases will not be considered consolidated ... for sentencing unless the two cases are closely factually related") (citations and quotation marks omitted); United States v. Keller, 58 F.3d 884, 895 (2d Cir. 1995) (stating that "[s]imply because the same court imposes concurrent sentences at the same time does not establish that two or more otherwise unrelated cases were 'consolidated for sentencing,' and therefore 'related'") (citations omitted). Although, Petitioner was sentenced for the offenses on the same day, the 1988 Bank Robbery and the 1990 Conspiracy were separate unrelated crimes. The crimes occurred approximately two years apart and there is no indication on the record that these crimes were factually related, part of a single common scheme or otherwise consolidated.

Petitioner further alleges that he should be given the benefit of the November 2007 Amendment in determining whether his prior felony convictions should be counted separately. Even assuming, *arguendo*, that the November 2007 Amendments applied to Petitioner's sentence in 2003, Petitioner's claim still fails. The November 2007 Amendment "eliminates use of the term 'related cases' at § 4A1.2(a)(2) and instead uses the terms 'single' and 'separate' sentences" for the purpose of "simplif[ying] the rules for counting multiple prior sentences and promot[ing] consistency in the application of the guideline." U.S.S.G § 4A1.2, 2007 Amendment, Application Notes. To determine whether sentences are counted separately or as a single

9

sentence:

> the initial inquiry will be whether the prior sentences were for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required. If the prior sentences were for offenses that were not separated by an intervening arrest, the sentences are to be counted as separate sentences unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day. In either of these situations they are treated as a single sentence.

Id. Petitioner was arrested for the first offense on June 6, 1988, which was prior to his committing the second offense on or about May 25, 1990. Since the offenses were separated by an intervening arrest, Petitioner's sentences in the 1988 Bank Robbery and the 1990 Conspiracy are counted separately.

Accordingly, Petitioner was properly sentenced as a "career offender" within the meaning of § 4B1.1(a).

3. Ineffective Assistance of Counsel

Petitioner claims ineffective assistance of counsel in connection with Petitioner's sentencing in 2003. Specifically, Petitioner alleges that his counsel did not effectively argue the issues that Petitioner is currently raising. In order to prevail under a theory of ineffective assistance of counsel, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness" measured "under prevailing professional norms" and (2) "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Petitioner has failed to show that his counsel's

10

representation fell below a standard of reasonableness. Indeed, Petitioner's counsel argued for a downward departure of Petitioner's sentence based on, *inter alia*, the characterization of Petitioner as a "career offender," the classification of the 1990 Conspiracy as a "crime of violence," and the circumstances of the 1988 Bank Robbery. (See letter from The Legal Aid Society, dated August 23, 2003, attached as Ex. C. to the Petition.) In addition, there is no "reasonable probability" that Petitioner's sentence would have been different if Petitioner's counsel would have raised these claims at Petitioner's sentencing because, as noted above, Petitioner's claims lack merit. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

Accordingly, the Petition seeking a writ of habeas corpus pursuant to § 2254 is denied.

III. Conclusion

The Petition for writ of habeas corpus is DENIED in its entirety and the proceeding is dismissed. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: November 19, 2008
Central Islip, New York

Copies to:

Robert L. Goldstein
24461-053
Federal Correctional Institution
PO Box 1000
Butner, NC 27509

Roslynn R. Mauskopf
Untied States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722